

1  MCGREGOR W. SCOTT
   United States Attorney
2  501 I Street, Suite 10-100
   Sacramento, CA 95814

3
   LAUREN CASTALDI
4  Trial Attorney, Tax Division
   U.S. Department of Justice
5  P.O. Box 683
   Ben Franklin Station
6  Washington, D.C.  20044-0683
   Telephone: (202) 514-9668
7  Email: lauren.m.castaldi@usdoj.gov

8
              IN THE UNITED STATES DISTRICT COURT FOR THE
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA;              )
                                          )   Civil No. 2:07-cv-00491-JAM-EFB
12           Plaintiff,                   )
                                          )
13        v.                              )  [Proposed] ORDER OF FORECLOSURE AND
                                          )  JUDICIAL SALE
14 HAROLD W. BETTIS; MARIA BETTIS;        )
   BETTIS FAMILY TRUST,                   )
15                                        )
                                          )
16           Defendants.                  )
                                          )
17 ─────────────────────────────────────  )

18        On July 29, 2008, the Court entered an Order for Judgment against Harold W. Bettis in favor of

19 the United States.  Docket entries # 31 and 32.  It was ordered that Harold W. Bettis is indebted to the

20 United States for the unpaid assessed balances on individual federal income taxes and accrued interest and

21 penalties for tax years 1987 through 1994 and 2004 in the amount of $668,459.99 as of May 31, 2008,

22 plus interest pursuant to 26 U.S.C. § 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other accruals as

23 allowed by law until paid in full.

24        It was further ordered that the United States has valid federal tax liens on a property located at

25 6704 50th Street, Sacramento, California 95823 ("the subject property"), and that the federal tax liens on

26 the subject property can be enforced and the property sold pursuant to 28 U.S.C. § 2001.

27        Pursuant to that order,

28 [Proposed] ORDER

1    **IT IS HEREBY ORDERED** that the United States' federal tax liens be **FORECLOSED** on the

2    real property located at 6704 50th Street, Sacramento, California 95823 and legally described as follows:

3         Lot 1746, as shown on the " Plat of Parkway Estates Unit No. 20"
         Recorded in Book 71 of Maps, Map No. 17, records of said county.

4    APN. 039 0273-003.

5         **IT IS FURTHER ORDERED** that **JUDICIAL SALE** of the subject property shall be conducted

6    as follows:

7         1. The United States Marshal for the Eastern District of California, his or her representative, or an

8    Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is hereby authorized

9    and directed under 26 U.S.C. § 7403 and 28 U.S.C. § 2001, *et seq.* to offer for public sale and to sell the

10   subject property.  The United States may choose either the United States Marshal or a PALS to carry out

11   the sale pursuant to this Court's Order.

12        2. The Marshal, his or her representative, or a PALS is hereby authorized to have free access to

13   the subject property and to take all actions necessary to preserve said property, including, but not limited

14   to, retaining a locksmith or other person to change or install locks or other security devices on any part of

15   the property, until the deed to the subject property is delivered to the ultimate purchaser.

16        3. The terms and conditions of the judicial sale shall be as follows:

17        A. The sale of the subject property shall be free and clear of the interest of Harold W.

18   Bettis, Maria Bettis, and the Bettis Family Trust;

19        B. The sale shall be subject to building lines, if established, all laws, ordinances, and

20   governmental regulations (including building and zoning ordinances) affecting the subject property, and

21   easements and restrictions of record, if any;

22        C. The sale shall be held at the courthouse of the county or city in which the subject

23   property is located, on the subject property's premises, or at any other place in accordance with the

24   provisions of 28 U.S.C. §§ 2001 and 2002;

25        D. The date and time for sale shall be announced by the United States Marshal, his or her

26   representative, or a PALS;

27

28                                        - 2 -

1    E. Notice of the sale shall be published once a week for at least four consecutive weeks
2  before the sale in at least one newspaper regularly issued and of general circulation in Sacramento
3  County, California, and, at the discretion of the Marshal, his or her representative, or a PALS, by any
4  other notice deemed appropriate.  The notice shall contain a description of the subject property and the
5  terms and conditions of sale as set forth in this Court's Order;

6    F. The minimum bid shall be set by the Internal Revenue Service. If the minimum bid is
7  not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of
8  this Court, and under the terms and conditions as set forth in this Court's Order, may hold a new public
9  sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

10    G. The successful bidder(s) shall be required to deposit at the time of the same with the
11  Marshal, his or her representative, or a PALS a minimum of ten percent (10%) of the bid, with the deposit
12  to be made by certified or cashier's check or cash payable to the United States District Court for the
13  Eastern District of California.  Before being permitted to bid at the sale, bidders shall be required to
14  display to the Marshal, his or her representative, or a PALS proof that they are able to comply with this
15  requirement. No bids shall be received from any person(s) who has not presented proof that, if they are
16  the successful bidders(s), they can make the deposit required by this Court's Order;

17    H. The balance of the purchase price for the Subject property shall be paid to the United
18  States Marshall, his or her representative, or a PALS within twenty (20) days after the date the bid is
19  accepted, by a certified or cashier's check, payable to the United States District Court for the Eastern
20  District of California.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall
21  be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with
22  any amount remaining to be applied to the income tax liabilities of defendant Harold W. Bettis at issue
23  herein. The subject property shall be again offered for sale under the terms and conditions of this Court's
24  Order. The United States may bid as a credit against its judgment without tender of cash;

25    I. The sale of the subject property shall be subject to confirmation by the Court. The
26  United States shall file a Report of Sale with the Court, together with a proposed Order of Confirmation of
27  Sale and Distribution of Sales Proceeds, along with a proposed Deed, within twenty (20) days from the

28                                               - 3 -

1   date of receipt of the balance of the purchase price;

2           J. On confirmation of the sale, the Marshal, his or her representative, or PALS shall

3   execute and deliver a Deed of Judicial Sale conveying the subject property to the purchaser;

4           K. On confirmation of the sale, all interests in, liens against, or claims to, the subject

5   property that are held or asserted by all parties to this action shall be discharged and extinguished;

6           L. On confirmation of the sale, the Recorder of Deeds for Sacramento County, California

7   shall cause transfer of the subject property to be reflected upon that County's register of title; and

8           M. The sale shall be ordered pursuant to 28 U.S.C. §2001, and shall be made without right

9   of redemption.

10       4. Until the subject property is sold, defendant Harold W. Bettis, along with any party that may

11   claim possession of the Subject property, shall take all reasonable steps necessary to preserve the property

12   (including all buildings, improvements, fixtures and appurtenances on the property) in its current

13   condition including, without limitation, exhausting reasonable steps to procure and maintain a fire and

14   casualty insurance policy on the property. They shall neither commit waste against the subject property

15   nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or

16   marketability of the subject property nor cause or permit anyone else to do so.  The defendants shall not

17   record any instruments, publish any notice, or take any other action (such as running newspaper

18   advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the

19   subject property or that may tend to deter or discourage potential bidders from participating in the public

20   auction, nor shall they cause or permit anyone else to do so.

21       5. All persons occupying the subject property shall leave and vacate the property permanently

22   within thirty (30) days from the date of entry of this Order of Foreclosure and Judicial Sale, each taking

23   with them his or her personal property (but leaving all improvements, buildings, fixtures, and

24   appurtenances to the property).  If any person fails or refuses to leave and vacate the property by the time

25   specified in this Order, the United States Marshal's Office, alone, shall be authorized to take whatever

26   action it deems appropriate to remove such person from the premises, whether or not the sale of such

27   property is being conducted by a PALS. If any person fails or refuses to remove his or her personal

28

property from the subject property by the time specified herein, the personal property remaining on the property thereafter shall be deemed forfeited and abandoned, and the United States Marshal's Office shall be authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale shall be applied first to the expenses of sale, with the balance to be paid into the Court for further distribution.

6. The proceeds arising from the sale of the subject property shall be paid to the Clerk of this Court and applied as far as they are sufficient, according to the terms of this Court's Order of Distribution of Sales Proceeds, which shall be determined at the time of sale confirmation.

Dated this 20th day of May, 2009.

THE HONORABLE JOHN A. MENDEZ

Presented by:

MCGREGOR W. SCOTT
United States Attorney

/s/ Lauren Castaldi
LAUREN CASTALDI
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9668

Attorneys for the United States

-5-